FRANK CONSTRUCTION CORPORATION *vs.* REPUBLIC POWDERED METALS, INC., & another. March 18, 1981. The action is one to recover damages arising out of the negligent manner in which a roofing contractor (Mullane) constructed the roof of a building in a shopping center. 1. By accepting the proposal (exhibit 20) drafted by the plaintiff (see *Merrimack Valley Natl. Bank* v. *Baird*, 372 Mass. 721, 724 [1977]) Mullane undertook (on both the face and the reverse of the proposal) to construct the roof under the direction and supervision of Republic. In sharp contrast, the space on that proposal intended for Republic's signature was left blank except for the plaintiff's insertion therein of the words "As Per Attached Letter Dated 1-6-66." In that letter (exhibit 1) Republic undertook only to issue written guarantees (per form attached) under which it would, in various circumstances not now material, replace certain specifically identified materials manufactured by it and would pay the labor costs associated with such replacement if those materials should be purchased by Mullane and used by it to coat the roof and should be applied under Republic's supervision. There is nothing on the face of that letter which even remotely suggests that Republic undertook to supervise the construction of the entire roof, nor was there any ambiguity such as that imagined by the trial judge. See *St. Germain & Son* v. *Taunton Redevelopment Authy.*, 4 Mass. App. Ct. 46, 51 (1976); *Poskus* v. *Braemoor Nursing Home, Inc.*, 6 Mass. App. Ct. 896 (1980). 2. Nor is there anything on the face of the agreement to suggest that it was not a completely integrated contract. Contrast *Imper Realty Corp.* v. *Riss*, 358 Mass. 529, 534-535 (1970). Even if we were to assume in the plaintiff's favor that there was something properly before the judge which warranted his conclusion that the written agreement was not integrated, we would be unable to

discover anything in the judge's subsidiary findings concerning the course of dealings between the parties, apart from the written agreement, which would warrant an ultimate finding (much less a ruling) that Republic ever agreed, either expressly or impliedly, to supervise the construction of the entire roof. The judgment is to be modified so as to dismiss the action as to Republic.

*So ordered.*

*John H. Henn* for Republic Powdered Metals, Inc.

*Joel Z. Eigerman* (*Richard W. Schwartzman* with him) for the plaintiff.